GOFFINET ET AL., PLAINTIFFS AND APPELLEES, v. POLANCO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an Action to Recover an Agricultural Loan.—Motion for Dismissal of Appeal.

No. 2861.—Decided November 21, 1922.

APPEAL—STATEMENT OF CASE—EXTENSION OF TIME.—A motion for dismissal of an appeal on the ground that the extensions of time granted the appellant by the court below for filing the statement of the case were null and void, can not be said to be premature because the appellees did not raise that question in the court below.

ID.—ID.—ID.—INDEFINITE EXTENSION.—In this case the appeal was taken on August 5, 1922. On August 11, 1922, the court granted the appellant an extension of time for filing the statement of the case to be computed from the day on which the stenographer delivered to him the transcript of the notes asked for. On August 23, 1922, the court allowed the stenographer thirty days within which to deliver the transcript to the appellant and thereafter granted the appellant other extensions for filing the statement of the case. *Held:* That as the first extension was void because it was indefinite, the second one was void also because when it was granted the 10 days allowed the appellant for filing the statement of the case had expired; therefore, the transcript not having been filed in the Supreme Court within the time allowed by law, the appeal should be dismissed.

The facts are stated in the opinion.

Messrs. *A. Sarmiento* and *J. Puig* for the appellant.

Messrs. *H. G. Molina* and *R. Cuevas Zequeira* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is a motion for dismissal of the appeal taken in this action on the ground that the transcript of the record was not filed in this court within the thirty days following the filing of the notice of appeal, and it is alleged that although the lower court granted the appellant an extension of the ten days allowed for presenting a statement of the case, that extension is void because it is indefinite.

The appellant opposes the motion and alleges that it is premature because the said extension and others that were granted were not opposed in any manner by the appellees in the lower court, citing the cases of *Ciuró* v. *Ciuró*, 19 P. R. R. 1136, and *Rossy* v. *Fernández*, 21 P. R. R. 257, wherein one of the reasons for refusing to dismiss the appeal was that the appellee had not opposed the granting of further extensions and had taken no action in the lower court. In point of fact, the question now raised by the appellant was not in issue in those cases; therefore, that reason may be considered as given incidentally.

It is true that the better practice appears to be that before coming to this court the appellee should take action in the lower court for the annulment of extensions that may have been improperly granted, for this would save time and give the court an opportunity to correct its orders if they are erroneous; but we find no provision of law which imposes that duty upon the appellee to the extent that in case of failure to perform it he is estopped from moving this court to dismiss the appeal on the ground of the nullity of the said extensions, because there being no valid extension of the ten days allowed by law for filing the statement of the case, the transcript on appeal should have been filed in this court within thirty days after the appeal was taken; therefore, we can not hold that the present motion is premature.

On August 5, 1922, an appeal was taken from the judgment rendered in this case and on the 11th of the same month, or within the ten days allowed by law to the appellant for presenting the statement of the case or bill of exceptions, the appellant moved the trial court for an extension of ten days for filing the statement of the case, said extension to run from the day on which the stenographer delivered to him the transcript of the notes taken at the trial, which he had already asked for. The court ruled on this motion

as follows: "Motion granted." On August 23rd and at the instance of the appellant the court allowed the stenographer thirty days within 'which to deliver the transcript to the appellant and thereafter granted the appellant other extensions of time for filing the statement of the case, which has been presented and is now pending the approval of the trial court; but on September 7th the appellee filed in this court his motion to dismiss the appeal on the ground that the first extension granted was indefinite and because the order of August 23rd allowing the stenographer time for delivery of his notes to the appellant is void because the ten days allowed the appellant within which to present the statement of the case had already expired when that order was made.

The appellant opposes that motion and alleges that the appeal should not be dismissed because the first extension granted on August 11th is not indefinite, inasmuch as the law creating the office of stenographer allows him thirty days within which to deliver his notes, which were asked for on August 9th, and also because the court granted other extensions.

We have already held that an extension of time granted in the manner moved for in this case is indefinite and void. *Belaval* v. *Córdova Dávila, District Judge, et al.,* 21 P. R. R. 509; *Rivera* v. *North British & Mercantile Insurance Co.,* 24 P. R. R. 612; *Guardian Assurance Co., Ltd.,* v. *López Acosta, District Judge,* 24 P. R. R. 597. It is true that section 6 of the Act creating the office of stenographer prescribes that it shall be his duty to deliver a copy of the stenographic record within thirty days after it is requested unless the court extends the time, which in no case shall exceed another thirty days; but notwithstanding this and as we said in the case of *Belaval* v. *Córdova Dávila, District Judge, et al., supra,* "yet it is difficult to avoid the conclusion that the section last above quoted clearly and inexorably

defines and fixes the maximum which the court failed to specify, and conclusively converts the vague enlargement attempted by the latter into a definite extension."

In the manner in which the first extension was moved for and granted, the ten days allowed for filing the statement of the case did not depend upon the expiration of the thirty days which the law allows the stenographer for delivering his notes after they had been applied for, but upon the date of the delivery of the said notes, although after the expiration of the said thirty days; wherefore, the extension of time was not limited to those thirty days and for that reason, notwithstanding the said law, we can not hold that a definite period was granted; especially as the court was not informed of the date on which the transcript was applied for and neither the court nor the appellee could know when the thirty days would expire. As according to section 299 of the Code of Civil Procedure the stenographic notes are not absolutely necessary for the presentation of a statement of the case, the appellant, in order to preserve his right to file a statement of the case, should have moved for extensions therefor until the stenographer delivered to him his notes, if he desired to use them.

The first extension granted being null and void because indefinite, the extension granted by the court to the stenographer on August 23rd is void also, because, in accordance with section 299 of the Code of Civil Procedure as amended, the ten days within which the appellant could file the statement of the case had expired; therefore, the thirty days for filing the transcript on appeal ran from the day on which the appeal was taken, and the transcript not having been filed in this court within that time, nor before the motion for dismissal, we must sustain the motion and dismiss the appeal.

*Appeal dismissed.*

Chief Justice Del Toro and Justices Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.